# IN THE U.S. DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY V. WILEY, | |
| Plaintiff, | |
| vs. | No. _____ |
| | Judge _____ |
| AS AMERICA, INC., | Magistrate _____ |
| | JURY DEMAND |
| Defendant. | |

## COMPLAINT

### I. THE PARTIES

1. Plaintiff, TIFFANY WILEY, (hereinafter "Plaintiff"), is a citizen of the United States of America and a resident of Decatur, Alabama.

2. Defendant, AS AMERICA, INC., (hereinafter "Defendant"), is a foreign Corporation with its principal office at 1 Centennial Ave., Piscataway, NJ 08854.

### II. VENUE AND JURISDICTION

3. This action arises under 42 U.S.C. § 12101 et seq., Title I of the Americans with Disabilities Act ("ADA") and 29 U.S.C. § 2601 et seq., the Family and Medical Leave Act of 1993 ("FMLA").

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the events giving rise to the claim occurred within this judicial district.

5. Plaintiff pursued her ADA claim through the Equal Employment Opportunity Commission ("EEOC"), and "her right to sue" letter was issued on September 23, 2011.

## III. FACTS

6. Plaintiff first started working for the Defendant through an employment agency on or about January 12, 2009 as a credit/collections specialist.

7. On or about July 1, 2009, she was directly hired by the Defendant.

8. Plaintiff's job duties include, but were not limited to, organizing files for business to business collections as a claims adjuster to qualifying and processing customer deductions and charge backs based on company policies and procedures for collections.

9. Around September of 2009, Plaintiff was provided additional accounts that normally require more than one individual to handle.

10. Because of the excessive amount of accounts Plaintiff was required to handle, Plaintiff began to suffer from anxiety and severe migraines.

11. On or about November 18, 2009, Defendant held a meeting with the Plaintiff to address Plaintiff's performance at work.

12. Plaintiff's anxiety attacks continued and on December 2, 2009, Plaintiff had another episodic panic attack which required media attention.

13. On or about December 2, 2009, Defendant addressed Plaintiff again for allegedly not closing enough accounts.

14. Plaintiff consequently took leave from work due to her fragile mind set as recommended by her doctor on or about December 3, 2009.

15. Defendant attempted to return to work after her excused leave of absence from work on June 3, 2010.

16. Unfortunately, Defendant, recognizing Plaintiff's panic attacks as a disability and/or serious medical condition, informed the Plaintiff she could no longer work for the Defendant on or about May 19, 2010.

## IV. COUNT I

## <u>VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")</u>

## <u>29 U.S.C. § 2601 ET SEQ.</u>

17. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

18. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

19. At the time of the relevant actions, Plaintiff met the qualifications of a serious health condition so as to render her eligible for FMLA leave.

20. Plaintiff made every attempt to comply fully with all requests made by Defendant regarding her FMLA employee responsibilities.

21. Defendant terminated Plaintiff in direct violation of 29 U.S.C. § 2615, by interfering with, and denying the exercise of, Plaintiff's rights provided under 29 § U.S.C . 2611 et seq.

22. Defendant failed to act in good faith and did not have reasonable grounds to believe the Defendant was not in violation of FMLA .

23. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, interest on the amount described calculated at the prevailing rate, liquidated damages and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $300,000.00.

## V. COUNT II

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)**

## **42 U.S.C. § 12101 ET. SEQ.**

24. Plaintiff is an "employee" as defined by 42 U.S.C. §12111(4).

25. Defendant is an "employer" as defined by 42 U.S.C. §12111(5)(A).

26. Plaintiff is a disabled individual.

27. Plaintiff is a qualified individual in regards to her employment position with Defendant as her employer.

28. Plaintiff provided notice of her disability.

29. Defendant failed to engage in the "interactive process" in a good faith effort to determine whether reasonable accommodations were needed.

30. Plaintiff was terminated due to suffering from a disability.

31. Defendant's above mentioned acts amount to malice or — at the very least — a reckless indifference to the Plaintiff's physical condition and to the Plaintiff's federally protected rights.

32. Defendant's violations of the ADA entitles Plaintiff to monetary damages which include back pay and benefits, interest on the amount described calculated at the prevailing rate, liquidated damages and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $300,000.00.

**WHEREFORE, Plaintiff demands:**

1. For process to issue and to be served upon the Defendant, and for Defendant to answer pursuant to the Federal Rules of Civil Procedure.

2. For Count I, monetary damages including back pay, front pay, and benefits including interest, liquidated damages, and attorneys fees and costs in amount to be determined at trial, but in any event not less than $300,000.00.

3. For Count II, monetary damages including back pay, front pay, and benefits including interest, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $300,000.00.

4. For a jury of six (6) to hear this cause of action.

5. For a bifurcated trial to determine the amount of punitive damages.

Dated this **22nd** day of **November**, 2011.

Respectfully submitted,

*/s/Joel R. Bellis*
**Joel R. Bellis (BPR# 027750)**
Bellis & Associates, PLLC.
22 Public Square, Suite 11
Post Office Box 1212
Columbia, TN 38402
Telephone: (931) 223-8777
Facsimile: (931) 223-8889
attyjoelbellis@gmail.com
Counsel for Plaintiff