IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY WILEY, | ) |
|     Plaintiff, | ) NO. 3:11-01112 |
| v. | ) JUDGE HAYNES |
| AS AMERICA, INC., | ) |
|     Defendant. | ) |

**MEMORANDUM**

Plaintiff, Tiffany Wiley, filed this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq. and Title I of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 et seq. against the Defendant, AS America, Inc., her former employer. Plaintiff's claims are that the Defendant discriminated against her on the basis of her disability.

Before the Court is the Defendant's partial motion to dismiss (Docket Entry No. 6), contending that Plaintiff has not alleged facts that constitute a FMLA violation. Defendant contends, in essence, that it did not interfere with Plaintiff's right to FMLA leave and that Plaintiff did not have a reinstatement right because she was unable to return to work at the conclusion of her FMLA leave. In response (Docket Entry No. 14), Plaintiff asserts that her factual allegations are sufficient to state a viable FMLA claim and that there is currently not any evidence that shows that she was unable to return to work at the conclusion of her twelve weeks of leave.

In its reply (Docket Entry No. 20), Defendant contends that in her complaint, Plaintiff asserts a claim of interference under the FMLA, but in her response, Plaintiff incorrectly analyzes this claim under the framework for establishing a claim of retaliation. Defendant also

1

asserts that Plaintiff's response contradicts the facts alleged in her complaint. Defendant further asserts that if Plaintiff was medically released to return to work prior to the conclusion of the twelve-week period, she would have been subject to discharge for failing to call or show up to work for the time period following her FMLA leave.

For the reasons set forth below, the Court concludes that Defendant's partial motion to dismiss (Docket Entry No. 6) should be denied without prejudice after factual discovery on whether Plaintiff was "indisputably able" to return to work once her FMLA leave ended.

### A. Analysis of the Complaint

In her complaint, Plaintiff alleges that she was employed by Defendant from January 12, 2009 until May 19, 2010. (Docket Entry No. 1, Complaint, at ¶¶ 6, 16). As to the facts in support of her claim, Plaintiff's complaint alleges the following:

6. Plaintiff first started working for the Defendant through an employment agency on or about January 12, 2009 as a credit/collections specialist.

7. On or about July 1, 2009, she was directly hired by the Defendant.

8. Plaintiff's job duties include, but were not limited to, organizing files for business to business collections as a claims adjuster to qualifying and processing customer deductions and charge backs based on company policies and procedures for collections.

9. Around September of 2009, Plaintiff was provided additional accounts that normally require more than one individual to handle.

10. Because of the excessive amount of accounts Plaintiff was required to handle, Plaintiff began to suffer from anxiety and severe migraines.

11. On or about November 18, 2009, Defendant held a meeting with the Plaintiff to address Plaintiff's performance at work.

12. Plaintiff's anxiety attacks continued and on December 2, 2009, Plaintiff had another episodic panic attack which required media [sic] attention.

13. On or about December 2, 2009, Defendant addressed Plaintiff again for allegedly not closing enough accounts.

14. Plaintiff consequently took leave from work due to her fragile mind set as recommended by her doctor on or about December 3, 2009.

15. Defendant attempted to return to work after her excused leave of absence from work on June 3, 2010.

16. Unfortunately, Defendant, recognizing Plaintiff's panic attacks as a disability and/or serious medical condition, informed the Plaintiff she could no longer work for the Defendant on or about May 19, 2010.

(Docket Entry No. 1, Complaint at 2-3).

## B. Conclusions of Law

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require

3

"detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 677-79.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, No. 99-4544, 7 Fed. Appx. 336, 343 (6th Cir. March 1, 2001). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Id. at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. (citations omitted).

Defendant contends that Plaintiff fails to state a claim under the FMLA because: (1) Plaintiff alleges she was terminated on May 19, 2010, approximately 5 ½ months after she went on leave; and (2) Plaintiff alleges she was able to return to work on June 3, 2010, approximately two weeks after her employment was terminated and months beyond any FMLA leave.

The FMLA establishes the right of any eligible employee to twelve weeks of leave during any twelve-month period for any one of several reasons, including a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The FMLA also establishes the right of an employee who has taken leave "to be restored by the employer to the position of employment held by the employee when the leave commenced." Hoge v. Honda of America Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004) (citing 29 U.S.C. § 2614(a)(1)(A)). A covered employer cannot "interfere with, restrain, or deny the exercise of or attempt to exercise any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1); Staunch v. Continental Airlines, Inc., 511 F.3d 625, 629 (6th Cir. 2008).

To prevail on her interference claim, Plaintiff must establish that Defendant interfered with a FMLA right to medical leave or to reinstatement following FMLA leave. Hoge, 384 F.3d at 244. Plaintiff must show: (1) that she was an eligible employee; (2) that Defendant is a covered employer; (3) she was entitled to leave under the FMLA; (4) she gave Defendant notice of her intent to take leave; and (5) Defendant denied her FMLA benefits or interfered with FMLA rights to which she was entitled. Id. The parties only dispute the fifth element.

Here, Plaintiff alleges that she took a leave from work on December 3, 2009 and was terminated on May 19, 2010. As Plaintiff was on leave for significantly longer than the statutorily required twelve weeks, the Court concludes that Defendant did not interfere with Plaintiff's right to FMLA leave. Therefore, to recover under the FMLA, Plaintiff must establish that Defendant interfered with her right to reinstatement following FMLA leave.

"[T]he right to restoration does not arise unless the returning employee is able to perform the essential functions of the position or an equivalent." Hoge, 384 F.3d at 245. "[A]n employer does not violate the FMLA when it fires an employee who is indisputably unable to return to work at the conclusion of the 12-week period of statutory leave." Edgar v. JAC Products, Inc., 443 F.3d 501, 506 (6th Cir. 2006) (citing Cehrs v. Northeast Ohio Alzheimer's Research Center, 155 F.3d 775, 784-85 (6th Cir.1998)).

Defendant interprets the following statement from Plaintiff's complaint as stating that she was unable to return to work until June 3, 2010: "Defendant attempted to return to work after her excused leave of absence from work on June 3, 2010."[1] Drawing all reasonable inferences in favor of Plaintiff, the Court cannot conclude that Plaintiff was "indisputably unable" to return to

---

[1] The Court assumes that Plaintiff intended to state "'Plaintiff' attempted to return to work after her excused leave of absence from work on June 3, 2010."

work when her FMLA leave ended. See Cutting v. Ferrous Processing & Trading Co., No. 07-14422, 2008 WL 5102255, *4 (E.D. Mich. Dec. 1, 2008) (holding that the plaintiff was not indisputably unable to return to work where she presented evidence that she could have returned to work sooner had she known the date that her FMLA leave would expire). Here, given the factual allegations, the Court concludes that this issue cannot be decided on a motion to dismiss.

Accordingly, the Court concludes that Defendant's partial motion to dismiss (Docket Entry No. 6) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the __14th__ day of May, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge